RECEIVED
U.S. DISTRICT COURT
EAS~~~~~~~~~~~~~~

2018 JAN 17 AM 10: 08

JAMES W. McCORMACK

BY:_____

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983** JAN 1 7 2018

**IN THE UNITED STATES DISTRICT COURT** JAMES W. McCORMACK, CLERK
**FOR THE EASTERN DISTRICT OF ARKANSAS** By: _____ DBW
**_____ DIVISION** DEP. CLERK

CASE NO. _2:18-CV-15-JM_

Jury Trial: ☐ Yes ☐ No
(Check One)

I.      Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.

      A.    Name of plaintiff: _Dorrell Emmanuel King_
           ADC # _____

           Address: _3334 Lakewood Trail Woodbury, MN. 55124_

           Name of plaintiff: _____
           ADC # _____

           Address: _____

           Name of plaintiff: _____ **This case ~~assi~~gned to District Judge** _Moody_
           ADC # _____ **and to Magistrate Judge** _Kearney_

           Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

      B.    Name of defendant: _Brian Goode_

           Position: _S.I.S. Technician_

           Place of employment: _F.C.C. Forrest City - Medium_

           Address: _1400 Dale Bumpers Rd. Forrest City, AR. 72335_

           Name of defendant: _Terri Patterson_

           Position: _D.T.S._

-4-

Place of employment: F. C. C. Forrest City - Medium

Address: 1400 Dale Bumpers Rd. Forrest City, AR. 72335

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

II.    Are you suing the defendants in:

    ☐    official capacity only
    ☐    personal capacity only
    ☑    both official and personal capacity

III.    Previous lawsuits

    A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

        Yes ___    No ✓

    B.    If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        ☐    Parties to the previous lawsuit:

        Plaintiffs: _____

        _____

        Defendants: _____

        _____

&#9633;    Court (if federal court, name the district; if state court, name the county):

_____

&#9633;    Docket Number: _____

&#9633;    Name of judge to whom case was assigned: _____

&#9633;    Disposition: (for example: Was the case dismissed?  Was it appealed?
Is it still pending?) _____

&#9633;    Approximate date of filing lawsuit: _____

&#9633;    Approximate date of disposition: _____

IV.    Place of present confinement: n/a _____

_____

V.    At the time of the alleged incident(s), were you:
(check appropriate blank)

_____  in jail and still awaiting trial on pending criminal charges

___✓___  serving a sentence as a result of a judgment of conviction

_____  in jail for other reasons (e.g., alleged probation violation, etc.)
explain: _____

_____

VI.    The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion
of administrative remedies of all claims asserted, prior to the filing of a lawsuit.  There is a
prisoner grievance procedure in the Arkansas Department of Correction, and in several county
jails.  Failure to complete the exhaustion process provided as to each of the claims asserted in
this complaint may result in the dismissal without prejudice of all the claims raised in this
complaint.

A.    Did you file a grievance or grievances presenting the facts set forth in this complaint?

Yes _✓_    No ____

B.    Did you completely exhaust the grievance(s) by appealing to all levels within the
grievance procedure?

-6-

Yes ✓     No ____

If not, why? _____

_____

VII.    Statement of claim

State here (as briefly as possible) the facts of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

On November 19th 2015, at F.C.C. Forrest City-Medium, Brian Goode (S.I.S. Tech) and Terri Patterson (D.T.S.) confiscated all of my copywrited manuscripts, and writings in my possession, with the sole purpose and intent to stop and prevent me from any further publishing of my manuscripts.

Brian Goode (S.I.S. Tech) and Terri Patterson (D.T.S.) acted together soley because they disagreed with the content and nature of my manuscripts and writings.

_____

_____

_____

VIII.   Relief

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite
no cases or statutes.

I'm seeking Statutory damages in the amount of $150,000 individually, Punitive Damages in the amount $150,000 in their individual capacities. Compensatory damages of $25,000 from Goode and Patterson in the individual capacities. Statutory damages of $150,000 from defendant United States for copy rite infringment.

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this   8th  day of   January   , 20 18  .

_Lonell K._

_____

_____

Signature(s) of plaintiff(s)

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF ARKANSAS

Dorrell E. King,

      Plaintiff,

v.

Brian Goode (SIS Tech), and Terri Patterson (DTS),

      Defendants

_____/

## CIVIL COMPLAINT ALLEGING A VIOLATION OF CONSTITUTIONAL RIGHTS, COPYRIGHT INFRINGEMENT
## DIVERSITY OF CITIZENSHIP & FTCA

Comes Now, _Dorrell E. King_ , pursuant to **18 U.S.C. §§ 504, 511, 1203, 28 U.S.C.**

**§§ 1331, 1332, 1343, 2671**    et seq., _Bivens v. Six Unknown Named Agents of Fed Bureau of_

_Narcotics_, 403 U.S. 388, 392 @ 395, 29 L. Ed. 2d 619(1971) and _Carlson v. Green_, 446 U.S. 14 @

20 & 29 n. 1 (1980) who does hereby bring forth this cause of action against the defendants named

herein and throughout for violaing his constitutional rights, infringing upon his copyrights, as well as

for negligence, conversion and various other torts under state law where there exists a diversity of

citizenship between plaintiff and defendants with damages in excess of $75,000.00 alleged as follows:

IV.

Statement of Facts

11.      A few days prior to the publishing date of
Plaintiff's book entitled "DAWG TALES: Down Ass White Girls"
on Amazon.com, defendant Terri Patterson, a Drug Treatment
Specialist ("DTS") employed at the Federal Correctional
Complex in Forrest City, Arkansas while working in mutual
agreement with defendant Brian Goode, a Special Investigative
Technician ("SIT") had been closely monitoring Plaintiff's
email and telephone communications.

12.      On November 17, 2015, Plaintiff's book
entitled: "DAWG TALES: Down Ass White Girls" was published and
posted online with Amazon.com.

13.      Less than 24 hours later, On or about November
18, 2015, defendant Terri Patterson approached Plaintiff and
began lecturing him about the theme of his book entitled "DAWG
TALES: Down Ass White Girls" indicating that she had seen the
book online, threatened to kick him out of the Residential
Drug Treatment Program ("RDAP"), promised disciplinary
sanctions, expressing great discontent with Plaintiff's
writings about interracial partnerships and indicated that
she was going to do everything that she could to make sure
that plaintiff would not be able to publish what she
personally viewed as counterproductive pornographic literature
in the future.

14.      On or about November 19, 2015, defendants
Patterson and Goode mutually agreed to pursue a shake down of
the cell that plaintiff was assigned to, for the purpose
causing injury or damage to the plaintiff in order to exercise

control over Plaintiff's published and unpublished manuscripts
containing additional volumes in connection with Plaintiff's
book entiled "DAWG TALES: Down Ass White Girls" Copyright
Registration Number TXu 1-969-687 and a separate literary work
entitled "Kansas City's Ghetto Stimulus Package" Copyright
Registration Number TXu 1-753-038", without lawful
authorization with the intent to deprive plaintiff of his
copyrights, royalties and to stop, block or hinder him from
publishing additional volumes of his literary master pieces.

15.     On or about November 19, 2015, defendant B.
Goode while acting in furtherance of defendant Patterson's
personal animus or prejudices towards plaintiff with intent to
punish, harm, or injure plaintiff and in conspiracy to deprive
Plaintiff Dorrell King of his rights as an author did enter or
direct others to enter the cell plaintiff was assigned to,
searched and seized without arguable probable cause or in
exceeding his authority, plaintiff's several manuscripts,
notes and mental impressions, entitled entitled "DAWG TALES:
Down Ass White Girls" Copyright Registration Number TXu 1-969-
687 and a separate literary work entitled "Kansas City's
Ghetto Stimulus Package" Copyright Registration Number TXu 1-
753-038".

16.     On November 19, 2015, the defendants completed
at least one objective of their conspiracy by exercising
control over Plaintiff's manuscripts entitled "DAWG TALES:
Down Ass White Girls" Copyright Registration Number TXu 1-969-
687 and a separate literary work entitled "Kansas City's
Ghetto Stimulus Package" Copyright Registration Number TXu 1-
753-038" in exclusion, or defiance of the plaintiff's rights.

17.    Although **28 C.F.R. §§ 540.71(b), 540.72(b)(4)**    and **551.81** (which have the force and effect of law) expressly placed defendants Goode, Patterson and those employed in the November 19, 2015, search of Plaintiff's property and legal documents on notice that plaintiff as "[a]n **inmate may prepare a manuscript for private use or for publication while in custody without staff approval...**", that a "**warden may not reject a publication solely because its content is ... social or sexual, or because its content is unpopular or repugnant...**" that "**Sexually explicit means a pictorial depiction of actual or simulated sexual acts including sexual intercourse, oral sex, or masturbation[,]**" and "**written text does not qualify ... as sexually explicit** " publication, on November 27, 2015, defendant Goode did willfully, knowingly act: with malice and deliberate indifference towards plaintiff's copyrights; capriciously without arguable probable cause or some evidence to believe plaintiff violated any law, federal regulation or BOP Rule, did administratively charge plaintiff falsely with conducting a Business, conducting or Directing and Investment Transaction without Staff Authorization (Code 334) for having his manuscript entitled "**DAWG TALES: Down Ass White Girls**" published on "**Amazon.com**." Where the sole purpose of publishing is to be recognized and to receive royalties as an author of a book.

18.    The administrative charging instrument written by defendant Goode states in pertinent parts that "On November 22, 2015 ... staff searched inmate King Dorrell, Reg. No. 05968-030, cell 103 L, which revealed he concealed sexually explicit literature with his legal papers ... The document portraits '**HOT, inter-racial sex! Carefully crafted, sizzling, sensual tales of love, passion, jealousy and obsession; the wild sexapades of Down Ass White Girls'** ... During his clinical team, inmate King was informed over 100 pages of contraband (sexual explicit literature) would be further reviewed to determnine if he was conducting a business while incarcerated ... After further investigation the website on Amazon for inmate King's book was found. The book inmate King is the author of, has been **published** as of **November 17, 2015** . The completed investigation revealed inmate King, Dorrell ... has violated Code 334 ... This ... is based on the fact inmate **King admitted to writing the book** to staff, **and getting it published through Amazon.**. Also, **the fact the book is**

posted on Amazon's website for purchase ..." The charging instrument was assigned report #
2787946 .

19.    Defendant Goode's authority to search was limited to the purpose of eliminating
contraband or items prohibited by 18 U.S.C. § 1791 or to detect plans of escape or violence or sexually
explicit "pictorial depiction[s] of actual or simulated sexual acts [of] sexual intercourse, oral sex, or
masturbation" and defendant Goode knew or should have known by his education and training as an
Special Investigative operative for the FBOP that he had no authority to seize text only books or
manuscripts written by plainitff or to charge plaintiff with any infraction, **solely because** the **written**
**text** of the books or manuscripts plaintiff authored **contained content that is social or sexual,**
**unpopular or repugnant**or because he believed plaintiff had or would receive royalties from the online
publication of the books or manuscripts he authored.

20.    After being "**Mirandarized**" plaintiff was found guilty of violating Code 334
(conducting a Business w/o Authorization) on December 1, 2015, by the Unit Dsicplinary Committee
("UDC") "Due to the content of the confiscated ... writings." based on defendant Goode's deliberate
false misrepresentations of there being an investigation which was material to the UDC findings of guilt
for the sole purpose of causing damages to plaintiff which resulted in sanctions being imposed by the
UDC, although defendant Goode knew that there was no  investigation  prior to that hearing as
required by **28 C.F.R. § 541.5(b)** and Program Statement 5270.09 chapter 2 (b), but had written the
false charges for the sole purpose of aiding and abetting defendant Patterson with **exercising dominion**
**over** Plaintiff's manuscripts entitled "**DAWG TALES: Down Ass White Girls**" Copyright  No.
**TXu 1-969-687** and "**Kansas City's Ghetto Stimulus Package**" Copyright No. TXu 1-753-038  in
**exclusion, or defiance of the Plaintiff's copyrights** and on account of his writing about interracial
sexual partnerships.

21.    On January 12, 2016, the Warden reversed the UDC 's findings of guilt and
expunged disiplinary charge # **2787946** on the grounds that the defendant Goode provided materially
false statements about there being an investigation where "A review of the disciplinary section from
[plaintiff's] central file did not contain any investigative report ... therefore, the UDC could not have

used the investigation as evidence."

22.     Defendants Goode and Patterson's acts or omissions deprived Plaintiff of his rights, copyrights and were done with malice, deliberate indifference with reckless disregard for the rule of law, and were the direct and proximate cause of plaintiff's injuries and losses which include but were not limited to being denied his ability to collect future royalties, denied his ability to earn up to 1 year in good time credits, or his ability to have utilized the completion of the **RDAP** program to move for an earlier termination of supervised release, and deprived him of his ability to complete a series of works or to publish additional volumes or episodes in connection to "**DAWG TALES: Down Ass White Girls**" and other works seized by defendants, as well as disrupted his holiday communication with family, friends and other community ties, causing him to suffer anxiety, painful, headaches and was done on account of his race and racial sexual preferences.

### Statement of Claims

The acts or omissions of the defendants as set forth in paragraphs 1-22 of the foregoing or aforesaid Statement of Facts violated plianitff rights as an author pursuant to the subject matter of copyrights under **17 U.S.C. §§ 102, 106(5)**   and as authorized by **28 C.F.R. §§ 540.72(d)**   to publish or to publicly dsiplay his copyrighted works. Which is actionable against the defendants individually and against the United States pursuant to **17 U.S.C. §§ 411, 504, 511 & 1203**    and under Arkansas Tort Laws for conversion where:

**a.**      defendant B. Goode seized or directed the seizure of Plaintiff's manuscripts solely because they contained writings about sexual intercourse between interracial partners;

**b.**      defendant B. Goode read and distributed Plaintiff's book or manuscript entitled " **DAWG TALES: Down Ass White Girls** " which he knew was registered on July 13, 2015 in the Congressional Copyright Office bearing registration number "TXu 1-969-687" without Plaintiff's expressed or implied permission;

**c.**      defendant B. Goode seized, read, used, distributed, copied or scanned Plaintiff's book entitled "**DAWG TALES: Down Ass White Girls** " which he knew was registered on July 13, 2015 in the Congressional Copyright Office bearing registration number "**TXu 1-969-687** " for a purpose not listed in the "Fair Use" provisions of **17 U.S.C. § 107** ;

**d.**      defendant B. Goode seized plaintiff's manuscripts and placed him under administrative arrest or charges while acting in and beyond the scope of his employment for the United States of America as a BOP investigative law enforcement officer because plaintiff published his book or manuscript entitled "**DAWG TALES: Down Ass White Girls** " which he knew was registered to plaintiff and Quaton Grover on July 13, 2015 in the Congressional Copyright Office bearing registration number "TXu 1-969-687" "without staff approval" or permission as "an inmate";

**e.**      defendants B. Goode and Patterson read, seized, scanned, saved, kept, copied, distributed and deprived plaintiff of his right to keep, use or distribute his book or manuscript entitled " **DAWG TALES: Down Ass White Girls** " which they knew was registered to plaintiff and Quaton

Grover on July 13, 2015, in the Congressional Copyright Office bearing registration number "**TXu 1-969-687** " without his express or implied consent;

      f.      defendants Goode or Patterson either actually or constructively transferred, disposed of, or excercised control or dominion over Plaintiff's manuscripts entitled: "**DAWG TALES: Down Ass White Girls**" copyright registration number "**TXu 1-969-687** "; "**Kansas City's Ghetto Stimulus Package**" copyright registration number "**TXu 1-753-038** " as well as other manscripts and volumes which they knew were registered to plaintiff and Quaton Grover in exclusion, or defiance, of plaintiff's rights.

### SECOND CAUSE OF ACTION

      The acts or omissions of the defendants as set forth in paragraphs 1-22 of the foregoing or aforesaid Statement of Facts **abridged** Plaintiff's rights as an author to freedom of expression, freedom to publish his expressions, "**freedom of speech , or of the press**" in violation of the First Amendment to the U.S. Constitution, **28 U.S.C. §§ 540.71(b), 540.72(4), 551.81 or 51.90**    when::

      a.      defendants rejected or intefered with plaintiff's ability to write, publish or possess his manuscripts entitled: "**DAWG TALES: Down Ass White Girls** " copyright registration number "**TXu 1-969-687** "; "**Kansas City's Ghetto Stimulus Package**" copyright registration number "**TXu 1-753-038** "**solely because its content is ... social or sexual, or because its content is unpopular or repugnant**";

      b.      when defendants permanently or temporarily deprived plaintiff access to or use of his **text only** manuscripts entitled "**DAWG TALES: Down Ass White Girls** " copyright registration number "**TXu 1-969-687** "; "**Kansas City's Ghetto Stimulus Package**" copyright registration number "**TXu 1-753-038** " as well as other manscripts and volumes because they contain sexual themes although the Code of Federal Regulations @ **28 C.F.R. § 540.72(d)**  placed them on notice that "[s]exually explicit means a pictorial depiction of actual or simulated sexual acts including sexual intercourse, oral sex, or masturbation" and that "**written text does not qualify ... as sexually explicit** " publication;

c.       Defendants refused to allow plaintiff as "an inmate [to] prepare [his] manuscript[s] for private use or for publication while in custody without staff approval" because he was writing about acts of interracial sexapades of **Down As White Girls** ;

d.       defendants Goode and Patterson used disciplinary action in an capricious or retaliatory manner to punish plaintiff on the account of his race, sexual preferences, or ethnicity because he prepared and published manuscript about interracial sexapades of **Down As White Girls** ;

e.       defendants discriminated against plaintiff on the basis of race, national origin, sex, in the making of administrative decisions and providing access to work, housing and programs when they removed or compelled him to be removed from the RDAP Program for authoring or publishing his **text only** manuscripts entitled "**DAWG TALES: Down Ass White Girls** " copyright registration number " **TXu 1-969-687** "; "**Kansas City's Ghetto Stimulus Package**" copyright registration number "**TXu 1-753-038** " as well as other manscripts and volumes.

### THIRD CAUSE OF ACTION

The acts or omissions of the defendants as set forth in paragraphs 1-22 of the foregoing or aforesaid Statement of Facts violated plaintiff's Fourth and Fifth Amendment rights to be free from unreasonable searches and seizures or not to be deprived of life, liberty or property without due process or for his intellectual property not to be used for public use without just compensation, and not to be maliciously prosecuted when:

    *a.*      defendants Goode and Patterson used disciplinary action in an capricious or retaliatory manner to punish plaintiff on the account of his race, sexual preferences, or ethinicity because he prepared and published manuscripts about interracial sexapades of "**Down Ass White Girls**" ;

    **b.**      defendants discriminated against plaintiff on the basis of race, national origin and sex in the making of administrative decisions and providing access to work, housing and programs when they removed or compelled or causes plaintiff to be removed from the **RDAP Program** for authoring or publishing his **text only** manuscripts entitled "**DAWG TALES: Down Ass White Girls** " Copyright registration number "**TXu 1-969-687** "; "**Kansas City's Ghetto Stimulus Package**" copyright registration number "**TXu 1-753-038** " as well as other manuscripts and volumes;

    **c.**      defendant B. Goode searched or caused plaintiff's cell to be searched and seized plaintiff's **text only** manuscripts entitled "**DAWG TALES: Down Ass White Girls** " Copyright registration number "**TXu 1-969-687** "; "**Kansas City's Ghetto Stimulus Package**" copyright registration number "**TXu 1-753-038** " as well as other manuscripts and volumes" without arguable probable cause or **some evidence** to believe that they depicted or described procedures for the construction or use of weapons, ammunition, bombs, incendiary devices, encouraged, or described methods of escape, or procedures for the brewing of alcoholic beverages, or the manufacture of drugs, or to believe that it was written in code, or encouraged violence or group disruption, or encouraged or insrtucts in the commission of criminal activity or was sexually explicit material as that term is defined in **28 C.F.R. § 540.72(b)(4)** ;

    **d.**      defendants seized plaintiff's **text only** manuscripts entitled "**DAWG TALES: Down Ass White Girls**" Copyright registration number "**TXu 1-969-687** "; "**Kansas City's Ghetto Stimulus Package**" copyright registration number "**TXu 1-753-038** " as well as other manuscripts and volumes because he published them online while in custody without staff permission or approval;

    **e.**      defendant Goode administratively charged plaintiff with violating Code 334 because plaintiff as "an inmate [did] prepare a manuscript for the private use or for publication while in custody without staff approval";

     f.       defendants permantly or temporarily deprived plaintiff access to or use of his **text only** manuscripts entitled  "**DAWG TALES: Down Ass White Girls** " Copyright registration number " **TXu 1-969-687** "; "**Kansas City's Ghetto Stimulus Package**" copyright registration number "**TXu 1-753-038** " as well as other manuscripts and volumes;

     g.      defendants **took** his  **text only** manuscripts entitled  "**DAWG TALES: Down Ass White Girls**" Copyright registration number "**TXu 1-969-687** "; "**Kansas City's Ghetto Stimulus Package**" copyright registration number "**TXu 1-753-038** " as well as other manuscripts and volumes **for public use, without just compensation;**

     h.      the administrative disciplinary proceedings instituted or continued by defendants Goode and Patterson against the plaintiff terminated in favor of plaintiff because of materially false statements made by defendant Goode as to conducting an investigation established that there was no probable cause for the proceeding where there was no investigative report in plaintiff's central file as required by **28 C.F.R. 541.5(b)** ;

     i.      defendant Goode knew that "written text did not qualify as sexually explicit material but proceeded against plaintiff out of malice.

     j.      Here defendants Goode and Patterson acted with malice or outside the scope of their employment by placing their desire for personal gain above their obligation  under **5 CFR § 2635(b)(1)** "to place loyalty to the Constitution, the laws and ethical principles above private gain" in seeking to punish plaintiff for preparing his manuscripts for private use or publication while in custody without staff approval where **28 CFR § 551.80**  clearly placed defendants on notice that plaintiff did not need their permission to prepare or publish his manuscripts.

FOURTH CAUSE OF ACTION

The defendants Goode, Patterson and others known and unknown to the Plaintiff did conspire to injure, oppress, threaten, or intimidate plaintiff in the free exercise or enjoyment of his rights or privileges secured to him by the First, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States, or **17 U.S.C. §§ 101, 106, 106A, 201, 501-513, 1201-1205** and other laws of the United States, or because of his having so exercised the same, or caused to be done, any act in furtherance of the object of such conspiracy whereby plaintiff was injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States as set forth in the foregoing or aforesaid Statement of Facts pursuant to 42 U.S.C. § 1985(3) when:

a.      Goode and Patterson mutually agreed to oppress, or to accomplish some purpose, not in itself unlawful, oppressive or immoral, by unlawful, oppressive or immoral means, to dispose of, transfer, or exert dominion over plaintiff's **text only** manuscripts entitled "**DAWG TALES: Down Ass White Girls** " Copyright Registration Number "**TXu 1-969-687** ", **Kansas City's Ghetto Stimulus Package**" Copyright Registration Number "**TXu 1-753-038** " and other manuscripts or collective volumes in exclusion, or defiance of plaintiff's rights as the author, soley because his manuscripts contained content that is social or sexual, or because its contents is unpopular or repugnant;

b.      Goode and Patterson discriminated against Plaintiff on the basis of his race, national origin and sex in the making of administrative decisions and providing access to work, housing and programs because he wrote or published **text only** manuscripts entitled "**DAWG TALES: Down Ass White Girls** " Copyright Registration Number "**TXu 1-969-687** ", **Kansas City's Ghetto Stimulus Package**" Copyright Registration Number "**TXu 1-753-038** " and other manuscripts or collective volumes talking about interracial relationships;

c.      Goode provided materially false information in incident report to aid or abets defendant Patterson in discriminating against Plaintiff on the basis of his race, national origin and

sex in the making of administrative decisions and providing access to work, housing and programs because plaintiff wrote or published **text only** manuscripts entitled "**DAWG TALES: Down Ass White Girls**" Copyright Registration Number "**TXu 1-969-687** ", **Kansas City's Ghetto Stimulus Package**" Copyright Registration Number "**TXu 1-753-038** " and other manuscripts or collective volumes talking about interracial relationships.

Nature of the Relief Sought

Based upon the aforementioned Statement of Facts and Avered Claims your plaintiff Dorrol E. King seeks relief as follows:

1.    Statutory damages in the amount of **$ 150,000.00** from defendants **Goode** and **Patterson** individually as authorized pursuant to **17 U.S.C. §§ 411, 504, 1203**   for infringing upon plaintiff's copyrights.

2.    Statutory damages in the amount of **$ 150,000.00** from defendant **United States** as authorized pursuant to **17 U.S.C. §§ 411, 504, 511, 1203**   for infringing upon plaintiff's copyrights.

3.    Compensatory damages in the amount of **$ 25,000.00** from **Goode** and **Patterson** in their individual capactancies.

4.    Punitive Damages in the amount of **150,000.00** from defendants Goode and Patterson in their individual capactancies to deter future misconduct.

5.    A preliminary and permanent injunction preventing defendants from taking and keeping plaintiff's manuscripts.

6.    A trial by jury on the issues triable by a jury.

7    Any other relief authorized by law.

I hereby declare under the penalty of perjury that I have read the foregoing Civil /Bivens Complaint and that all of the facts are true and correct to the best of my knowledge and belief.

Executed under penalty of perjury on o 2 / o 9 / 2016

By: _Dorrell K._

Dorrell  E. King # 05968-030

FEDERAL CORRECTIONAL COMPLEX, FORREST CITY, AR.
PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY
844449-F1

This is in response to your request for Administrative Remedy received
December 04, 2015, which you request staff from B2 (RDAP) Unit return
personal paperwork, writings, literature, and legal documents
confiscated during a mass area search on November 19, 2015.

For relief, you request non-contraband items be returned.

A review of your complaint revealed the following information. On
November 19, 2015, a mass area search was conducted in the B2 Housing
Unit. During the search, staff confiscated written materials in your
possession. Due to the content of the confiscated materials, you
received an incident report for Code 334 (Conducting a Business w/o
Authorization). You were found guilty on December 1, 2015, during a
UDC hearing, as a result of the confiscated writings and were
sanctioned to 30-days loss of email privileges by your Unit Team (B-
4). The SIA currently possesses your sexually explicit written
materials that were confiscated and will determine if these writings
will be returned. In addition, DTS staff confirmed that all legal
work was returned during your Clinical Teaming on November 25, 2015.
It appears all required confiscated material have been returned to
you.

Based on the above, this response is for informational purposes only.

If you are not satisfied with this decision, you may appeal to the
Regional Director at the Federal Bureau of Prisons, South Central
Regional Office, 344 Marine Forces Drive, Grand Prairie, Texas, 75051.
Your appeal must be received in the South Central Regional Office
within 20 days of this response.

_____                         _12/18/15_
C.V. Rivera, Warden                               Date

BP-A0238
AUG 11

INCIDENT REPORT CDFRM

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

Part I - Incident Report

| 1. Institution:   FCC Forrest City | | | |
|---|---|---|---|
| 2. Inmate's Name<br>**King, Dorrell** | 3. Register Number<br>05968-030 | 4. Date of Incident<br>**11-27-2015** | 5. Time<br>7:00 A.M. |
| 6. Place of Incident<br>B-2 Housing Unit, Cell 103L | 7. Assignment<br>Education PM | 8. Unit<br>B-2 | |
| 9. Incident<br>Conducting a Business; conducting or Directing an Investment<br>Transaction without Staff Authorization | | 10. Prohibited Act Code(s)<br>334 | |

11. Description Of Incident (Date: 11/27/2015 Time: 7:00 A.M.    Staff became aware of incident)

On November 27, 2015, at approximately 7:00 A.M., an investigation of inmate King, Dorrell, Reg. No. 05968-030, was concluded. This investigation has determined he is conducting a business while in custody of the Bureau of Prisons.

This investigation revealed;

On November 22, 2015, at approximately 9:45 A.M., while conducting a mass shake down in Housing unit B-2, staff searched inmate King, Dorrell, Reg. No. 05968-030, cell 103L, which revealed he concealed sexual explicit literature with his legal papers. Inmate King's legal papers were located on the floor under the bottom bunk. The sexual explicit literature was included with his legal papers in a yellow manila folder stamped legal mail. The document portraits "HOT, inter-racial sex! Carefully crafted, sizzling, sensual tales of love, passion, jealousy and obsession; the wild sexapades of Down Ass White Girls!" Inmate King was questioned about the contraband (sexual explicit literature) included with his legal papers. Inmate King stated he was writing a book and the literature is a portion of his manuscript. During his clinical team, inmate King was informed over 100 pages of contraband (sexual explicit literature) would be furthered reviewed to determine if he was conducting a business while incarcerated. Also, the contraband includes dialogue of potential publishers with discussion of fees, cost and number of books to sell. Inmate King was given a confiscation form for the manuscript until further investigations could be completed to determine if this was illegal to possess.

On November 19, 2015 at approximately 10:19 P.M., an email was sent from an additional inmate account. Inmate Bevelle, Adrian, Reg. No. 48218-177, sent an email to a contact on his email list telling her it was a "Cat in here wrote a book…It's on Amazon…" He needed his contact to go out there and check it out. Inmate Bevelle stated, "They let U read a Chapter of it…Then you can rate it…D.A.W.G. Tails, Go Check it out and give it 5 stars."

On November 22, 2015, inmate King wrote an email to an outside contact stating, "I said I set up createspace and the kindle account Randy said I needed to do but the book is linked to his account." Inmate King stated he could not do anything with any of it. Inmate King stated he emailed the contact a few times with no response yet. Inmate King stated, he needed the book linked to his account in Amazon, kindle and createspace. Inmate King stated, until then his accounts was useless. Inmate King stated, his contact told him he would get him the sales info 3 days ago. Inmate King stated, the only thing he could do was set up the author's page.

After further investigation the website on Amazon for inmate King's book was found. The book inmate King is the author of, has been published as of November 17, 2015.

The completed investigation revealed inmate King, Dorrell, Reg. No. 05968-030, has violated code 334, Conducting a Business; Conducting or Directing an Investment Transaction without Staff Authorization. This determination is based on the fact inmate King admitted to writing the book to staff and getting it published through Amazon. Also, the fact the book is posted on Amazon's website for purchase.

| 12. Typed Name/Signature of Reporting Employee<br>B. Goode, SIS Technician | | 13. Date And Time<br>11/27/2015 8:00 AM | |
|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature) | | 15. Date Incident<br>Report Delivered<br>11/27/15 | 16. Time Incident<br>Report Delivered<br>1:00 pm |

Part II - Committee Action

## Behavior Intervention

I, Dorrell King understand that participation in the Residential Drug Abuse Program requires a commitment to changing my old ways of thinking and behaving. In order to be successful in my drug recovery and criminal behavior, I have to be responsible in every part of my life.

I realize I have struggled to demonstrate the 8 attitudes of change specifically honesty and responsibility. On November 23, 2015, I was found in possession of sexual explicit literature during mass unit shakedown. The pornographic material was concealed with my legal work. This behavior is unbecoming of a senior member of the RDAP community and does not promote a healthy treatment community. Therefore I will complete the following treatment activities to help me grow in my recovery:

1. I forfeit my phase pay for this quarter.
2. I will read this Behavior Intervention to my Community at the next community meeting and gain feedback.
3. I will station myself at the feedback booth for 3 hours to gain an understanding how my possession of sexual explicit literature and hiding the material is counterproductive to my treatment by December 3, 2015.
4. I will discuss how my behavior relating to possessing pornographic literature negatively affects my community by discussing with my process group. To be done by December 2, 2015.
5. I will view the video "Making Ethical Decisions" and self- reflect. I will summarize what I learned about myself by December 2, 2015.
6. I will complete 3 RSAs relating to my recent behavior to help me challenge faulty beliefs that led to my disregard of institutional rules. To be presented at the Community meeting by November 30, 2015.
7. I will ensure that all of the items in my possession are not in violation of institutional rules from this point forward.
8. I will write an apology letter to the community for being in possession of pornographic literature in the treatment setting. I will include in the letter how my actions could have been triggers for others in treatment by November 30, 2015.

I understand that these activities are designed to assist me to be successful in the RDAP community and ultimately in the larger community. Failure to complete these activities will result in expulsion from the RDAP.

_____
Name/Date

*I nmate refused to sign).*

*J Patten*

*11-25-15*

**FEDERAL CORRECTIONAL COMPLEX (MEDIUM), FORREST CITY, AR**
**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY**
**(847842-F1)**

This is in response to your Request for Administrative Remedy, received
on January 8, 2016, in which you are appealing the incident report
#2787946, Conducting a Business, Conducting or Directing an Investment
Transaction without Staff Authorization, code 334 that was issued on
November 27, 2015. Also, you request the manuscript that was confiscated
by staff be returned to your possession that is being held by the SIS
department.

For relief you request the above incident report be expunged and your
manuscript be returned.

Our review has determined that there was not substantial compliance with
Program Statement 5270.09, Inmate Discipline Program.  This policy states
"The Unit Discipline Committee will consider all evidence presented during
its review.  The UDC's decision will be based on at least some facts and
if there is conflicting evidence, on the greater weight of the evidence."
The incident report was written from the conclusion of a staff
investigation in which a manuscript written by King, Darnell was found
during a mass shakedown in the B-2 housing unit.  A review of the
disciplinary section from the inmate central file did not contain any
investigative report only the incident report as written; therefore, the
UDC could not have used the investigation as evidence.  Although there
is an authored book for sale on Amazon written by you, there have been
no sales of this book; therefore, no business was being conducted.

Also, our review has determined that the manuscript found in the cell
during the mass shakedown complied with Program Statement 5350.27, Inmate
Manuscripts, which states an inmate may prepare a manuscript for private
use or for publication while in custody without staff approval. The
manuscript or publication does show to have sexually explicit material
listed in the content which is not allowed under Program Statement 5266.11,
Incoming Publications.  This policy states in section 2.b.(7), It is
sexually explicit material which by its nature or content poses a threat
to the security, good order, or discipline of the institution, or
facilitates criminal activity.

Based on the above, your request is partially approved.  The incident
report #2787946 will be expunged from your disciplinary record and the
manuscript will be returned; however, the manuscript will be mailed at
your expense to an outside address provided by you to your unit team.

If you are not satisfied with this decision, you may appeal to the Regional Director at Federal Bureau of Prisons, South Central Regional Office, 344 Marine Forces Drive, Grand Prairie, Texas, 75051.   Your appeal must be received in the South Central Regional Office within 20 days of this response.

_____
C. V. Rivera, Warden

/.12.16
Date

Administrative Remedy No. 844449-A1
Part B - Response

This is in response to your Central Office Administrative Remedy
Appeal in which you claim staff confiscated your personal
property (a manuscript) and refused to return it.  You contend
you should be allowed to publish or publicly display copyrighted
works.  You request the return of the entire manuscript and
personal paperwork.

Since your appeal was received, a determination was made to
return the confiscated manuscript.  However, since you have been
transferred to a Residential Reentry Center, we have instructed
unit staff at your former institution to mail the manuscript to
your current location.

Accordingly, your appeal is granted.


2\16\17
_____                    _____
Date                                   Ian Connors, Administrator
                                       National Inmate Appeals