IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

DORRELL EMMANUEL KING                                                                    PLAINTIFF

V.                            CASE NO. 2:18-CV-00015-JM-JTK

BRIAN GOODE and TERRI
PATTERSON                                                                                DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.	Why the record made before the Magistrate Judge is inadequate.

> 2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Defendant's Motion to Dismiss (DE # 12) be GRANTED.

## Procedural History

The Plaintiff was incarcerated at FCC, Forrest City at the time of the incident which is at issue in this lawsuit. On November 22, 2015, while conducting a mass shake down, staff searched Mr. King's cell, which revealed "sexual explicit literature" within his legal papers. (DE # 2, p. 20) The document portrayed "HOT, inter-racial sex! Carefully crafted, sizzling, sensual tales of love, passion, jealousy and obsession; the wild sexapades of Down Ass White Girls!" *Id.* Mr. King was questioned about the literature, and he stated he was writing a book and the literature was a portion of his manuscript. He was informed that over 100 pages of contraband (sexually explicit literature) would be further reviewed to

2

determine if he was conducting a business while incarcerated. *Id.* The incident report further stated that the materials included dialogue of potential publishers with discussions of fees, cost, and the number of books to sell. Mr. King was given a confiscation form for the manuscript until further investigation could be completed to determine if the documents were illegal to possess. *Id.* After further investigation, Mr. King's book was found on Amazon, and it had been published on November 17, 2015. *Id.* It was concluded that Mr. King had violated code 334, conducting a business; conducting or directing an investment transaction without staff authorization. *Id.*

Plaintiff administratively appealed the incident report to the Warden requesting for the report to be expunged and his manuscript returned. On January 12, 2016, the Warden found that there was not substantial compliance with the Inmate Discipline Program. (DE # 2, pg. 22-23) He stated that, even though the book was for sale on Amazon, there had been no sales of the book; therefore, no business had been conducted. *Id.* Furthermore, he found that the manuscript complied with Program Statement 53350.27, which states that an inmate may prepare a manuscript for private use or for publication while in custody without staff approval. *Id.* The Warden did, however, note that the manuscript contained sexually explicit material "which by its nature or content poses a threat to the security, good order, or discipline of the institution, or facilitates criminal activity." *Id.* at 22. In conclusion, the Warden expunged the incident report from Mr. King's record, and the manuscript was returned to Plaintiff. *Id.*

On January 17, 2018, the Plaintiff filed a *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), complaint against two FCC Forrest

City staff members, Brian Goode, Special Investigative Support Technician, and Terrie Patterson, Drug Treatment Specialist. (DE # 2) Plaintiff alleges that the Defendants illegally seized or directed the seizure of his manuscripts "solely because they contained writings about sexual intercourse between interracial partners." *Id.* at 12. Plaintiff argues that these actions violated his rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. Further, he alleges that the confiscation of his manuscript infringed on his copyrights. On May 2, 2018, the Defendants filed a Motion to Dismiss for failure to state a claim. (DE # 12) Specifically, the Defendants argue that the Plaintiff has no *Bivens* cause of action and they are entitled to qualified immunity. *Id.*

## Discussion

### I. Motion to Dismiss Standard

When deciding how the court should rule on a motion to dismiss, the court must accept the factual allegations being made by the plaintiff as true and construe them in the light most favorable to the plaintiff. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted–whether filed pursuant to 12(b)(6) before an answer is filed, or pursuant to Rule 12(c) if an answer has been filed, but no discovery undertaken–is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, this Court must

take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir.), *cert. denied*, 540 U.S. 825 (2003). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations." *Hanten v. School Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999) (citations omitted).

## II.     Bivens Cause of Action

In 1971, the United States Supreme Court recognized in *Bivens* an implied damages action to compensate individuals injured by federal officers who violated the Fourth Amendment. 403 U.S. at 388. Since then, the Court has only extended *Bivens*-type remedies on two other occasions. Once in a Fifth Amendment gender discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979), and again in an Eight Amendment cruel and unusual punishment case, *Carlson v. Green*, 446 U.S. 14 (1980). These are, in fact, the only three cases in which the Court has approved of an implied damages remedy under the Constitution itself. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1848 (2017). Expanding a *Bivens* remedy is not favored, and the Eighth Circuit Court of Appeals has recognized that the Supreme Court is wary of extending such remedies into new contexts and has not created additional *Bivens* remedies, "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration." *Nebraska Beef, Ltd. v. Greening,* 398 F. 3d 1080, 1084 (8th Cir. 1988). Furthermore, there is a "presumption against judicial recognition of direct actions for violations of the Constitution by federal

5

officials or employees," and "[i]f Congress has not explicitly created such a right of action, and if it has created other remedies to vindicate (though less completely) the particular rights being asserted in a given case, the chances are that the courts will leave the parties to the remedies Congress has expressly created for them." *Id.*

### A. New Context

In *Abbasi,* the Supreme Court declared that the first question a court must ask is "whether the claim arises in a new *Bivens* context." 137 S. Ct. at 1859. The context is considered "new" if the case is "different in a meaningful way" from the previous *Bivens* cases in which an implied damages remedy was created. *Id*. at 1860. The facts of this case, and the constitutional rights at issue, differ in several meaningful ways and do not bear any resemblance to the three *Bivens* cases the Court has approved in the past; therefore, this case presents a new *Bivens* context.

### B. Two-Step Inquiry

While a *Bivens* expansion is disfavored, the United States Supreme Court has laid out a two-fold inquiry that must be evaluated for any potential *Bivens* remedy in a new context. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). First, whether there is any "alternative, existing process for protecting the interest," and second, if there are any "special factors counseling hesitation before authorizing a new kind of federal litigation." *Id.* The Supreme Court has held the existence of alternative remedies "amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id.*

In *Abbasi*, the Supreme Court noted that the existence of an alternative remedial structure may in and of itself "limit the power of the Judiciary to infer a new *Bivens* cause of action." 137 S. Ct. at 1858. The Supreme Court held that "administrative review mechanisms crafted by Congress provided meaningful redress and thereby foreclosed the need to fashion a new, judicially crafted cause of action." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001). This is true even when the administrative remedy does not provide complete relief. *Nebraska Beef*, 398 F. 3d at 1084 (citing *Sinclair v. Hawke*, 314 F. 3d 934, 940 (8th Cir. 2003).

As a federal inmate, the Plaintiff had at his disposal the four-step administrative grievance process, under the Administrative Remedy Program ("ARP"), which is provided for through statutory regulations. 28 C.F.R. §§ 542.10-19. The express purpose of the ARP is "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." *Id.* at § 542.10(a). As detailed in the "Response to Request for Administrative Remedy," attached to Plaintiff's complaint, on January 12, 2016, he successfully availed himself of this process and received the relief he requested (i.e. having the incident report expunged from his disciplinary record and return of his manuscript). *See* DE # 2, pg. 22-23. Plaintiff also could have filed for administrative remedies for being "wrongfully" terminated from the residential drug abuse program, *see* 28 C.F.R. § 550.57 (allowing inmates to seek formal review of complaints regarding the operation of the drug abuse treatment program); a damages action in the Court of Federal Claims against the United States for any alleged infringement upon his copyright, *see* 28 U.S.C. § 1498(b) (the exclusive remedy for copyright infringements by the United States); and various state

7

tort law provided alternative means of relief. In *Nebraska Beef,* the Eighth Circuit held that "[p]arties may not avoid administrative review simply by fashioning their attack on an agency decision as a constitutional tort claim against individual agency officers." 398 F. 3d at 1084. In light of the available alternative remedies, this Court recommends precluding Plaintiff from pursuing his claims through this *Bivens* cause of action.

It is, therefore, unnecessary to address the second inquiry of whether any "special factors" counsel hesitation to extend a *Bivens* action. The Court does note, however, that the Supreme Court has made it clear that a *Bivens* action is not "a proper vehicle for altering an entity's policy." *Abbasi*, 137 S. Ct. at 1860 (quoting *Malesko*, 534 U.S. at 74). Plaintiff's claims call into question the formulation and implementation of a general policy by the Bureau of Prisons ("BOP") which prohibits inmates from conducting a business without authorization. This Court believes this to be the most important "special factor" against allowing a *Bivens* action in this case. Accordingly, it is the recommendation of this Court that Defendant's Motion to Dismiss be granted for Plaintiff's failure to state a claim upon which relief may be granted.

## Conclusion

The undersigned recommends that Defendant's Motion to Dismiss (DE # 12) be GRANTED for failure to state a claim.

SO ORDERED this 7th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE